# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **Criminal No.** **18 CR 3 4 4** |
| | § | |
| v. | § | **UNDER SEAL** |
| | § | |
| JOHN CRUISE, | § | |
| LASHONIA JOHNSON | § | |
| a/k/a LASHONYA JOHNSON, | § | |
| KENNY OZOUDE, | § | |
| JAY BENDER, M.D., | § | |
| JAMES DON JACKSON, M.D., | § | |
| DEEPAK CHAVDA, M.D., | § | |
| NIRVANA HIGHTOWER, | § | |
| KEITH HUDSON, | § | |
| DONATHAN KEMP, | § | |
| NARESH JIVANJI, | § | |
| AUDRA JONES, | § | |
| TERRANCE AICE, and | § | |
| SHEROD JOHNSON, | § | |
| | § | |
| Defendants. | § | |

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment,

1.      Defendants unlawfully submitted and caused to be submitted false and fraudulent claims to Federal healthcare programs for prescriptions for compounded drugs, prescribed for, among others, injured federal workers and members of the armed forces.   Federal healthcare programs paid millions of dollars on these false and fraudulent claims.   These prescriptions, as defendants knew and intended, were, among other things, induced through the payment and receipt of unlawful kickbacks, bribes, and remuneration in violation of the federal Anti-Kickback Statute.

Defendants distributed the payments from Federal healthcare programs among themselves to unlawfully enrich and benefit themselves and others.

## **Defendants and Entities**

2.     In or around the charged period, **JOHN CRUISE** was the Chief Executive Officer of the Injured Federal Workers Advocate Association ("IFWAA"). IFWAA was a national organization that purported to assist federal workers who were injured on the job and had submitted, and planned to submit, workers' compensation claims to the Department of Labor. IFWAA had offices in Houston, Texas; Atlanta, Georgia; and Columbus, Ohio, among other locations.

3.     In or around the charged period, **LASHONIA JOHNSON** was the Director of IFWAA. **LASHONIA JOHNSON** and **JOHN CRUISE** were married.

4.     In or around the charged period, **JOHN CRUISE** and **LASHONIA JOHNSON** also owned and operated Assurance Consolidated Pharmacy ("ACP"), a pharmacy that operated in Spring, Texas.

5.     In or around the charged period, **KENNY OZOUDE** was the President and Managing Partner of Eudora Capital Group LLC and Eudora Healthcare Group LLC (collectively, "Eudora") in Houston, Texas. During the same, **KENNY OZOUDE** also owned and operated Compounding Solutions LLC ("Compounding Solutions"), a pharmacy that operated in Houston, Texas.

6.     In or around the charged period, **JAY BENDER, M.D.** was a physician licensed in the State of Georgia. **JAY BENDER, M.D.** practiced medicine at, among other locations, Bender Orthopaedics and Spine Specialist ("Bender Orthopaedics"), located at 1800 Peachtree Street in Atlanta, Georgia.

7. In or around the charged period, **JAMES DON JACKSON, M.D.** was a physician licensed in the State of Texas. **JAMES DON JACKSON, M.D.** practiced medicine at, among other locations, Top Doctor Therapy Center ("Top Doctor"), a medical clinic in Houston, Texas that was operated by **JOHN CRUISE, LASHONIA JOHNSON,** and **KENNY OZOUDE**.

8. In or around the charged period, **DEEPAK CHAVDA, M.D.** was a physician licensed in the State of Texas. **DEEPAK CHAVDA, M.D.** practiced medicine at Texas Bone and Joint Center, a medical clinic in North Richland Hills, Texas.

9. In or around the charged period, **NIRVANA HIGHTOWER** was a pharmacist licensed with the State of Texas and the Pharmacist-in-Charge at Compounding Solutions.

10. In or around the charged period, **KEITH HUDSON** was a pharmacist licensed with the State of Texas and the Pharmacist-in-Charge at ACP.

11. In or around the charged period, **DONATHAN KEMP** was a Vice President of IFWAA and the Chief Training and Information Officer of IFWAA.

12. In or around the charged period, **NARESH JIVANJI** was the owner and operator of Medcare Advisory Group LLC ("Medcare"), a business operating in and around Euless, Texas.

13. In or around the charged period, **AUDRA JONES** operated Eudora with **KENNY OZOUDE**.

14. In or around the charged period, **TERRANCE AICE** was a purported marketer for Compounding Solutions.

15. In or around the charged period, **SHEROD JOHNSON** was a purported marketer for Compounding Solutions.

### The Federal Employee's Compensation Act

16.    The Federal Employee's Compensation Act ("FECA") pays workers' compensation benefits to federal employees who suffer an injury, disease, or death in the performance of duty.  An injured federal worker insured under FECA was generally referred to as a "claimant."

17.    FECA was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

18.    FECA paid for, among other things, necessary medical care and prescription and pharmaceutical drugs on behalf of claimants for injuries sustained during the claimants' work for the Federal government.

19.    The Department of Labor Office of Workers Compensation Program ("DOL-OWCP") administered the benefits under FECA.  Providers of healthcare services were required to enroll with DOL-OWCP to receive a provider identification number and reimbursement under FECA.  Form OWCP-1168 was used for enrollment and updating provider information.  By completing and submitting Form OWCP-1168, a provider certified that all the Federal and State licensure and regulatory requirements applicable to their provider type were satisfied.

20.    DOL-OWCP contracted with Affiliated Computer Services ("ACS") to provide medical claims processing and payments.  ACS served as the billing administrator for FECA.  In this capacity, ACS received provider enrollment forms from prospective FECA providers, assigned provider numbers, and processed and paid claims for benefits under FECA.

21.    All providers of healthcare services were required to enroll with DOL-OWCP through ACS.  Once enrolled, a provider was given access to the ACS online system.  Through

4

this ACS system, a provider could submit bills, check the status of pending claims, and perform other billing-related functions. A provider could submit bills using either the ACS provider number or the provider's Social Security number.

22. Providers were required to identify on each claim the services provided. All claims submitted were required to be supported by medical evidence. The submission of a claim and acceptance of payment by a provider signified that the service for which reimbursement was sought, was performed as described, medically necessary and appropriate, and properly billed in accordance with accepted industry standards. DOL-OWCP paid claims for prescriptions on behalf of beneficiaries to the pharmacy's financial institution via wire, check, and electronic transfer.

## TRICARE

23. TRICARE was a healthcare program of the United States Department of Defense Military Health System that covered, among other individuals, active duty service members and their families. Individuals who received healthcare benefits through TRICARE were generally referred to as "beneficiaries."

24. TRICARE was "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

25. TRICARE paid for certain medical services, including prescription and pharmaceutical drugs, on behalf of beneficiaries.

26. The Defense Health Agency ("DHA"), an agency of the Department of Defense, was the military entity that oversaw and administered the TRICARE program.

27. Express Scripts, Inc. ("Express Scripts") administered TRICARE's prescription drug benefits.

28.     Pharmacies enrolled in the TRICARE program through Express Scripts.   Once enrolled, pharmacies could dispense drugs to beneficiaries and submit to Express Scripts claims for payment relating to such prescriptions.   By submitting claims to Express Scripts, a TRICARE pharmacy certified, among other things, that its prescription services on behalf of beneficiaries complied with TRICARE's rules and regulations and Federal law, including those related to fraud, waste, and abuse.   TRICARE paid claims for medical services on behalf of beneficiaries to the pharmacy's financial institution via wire, check, and electronic transfer.

## The Federal Anti-Kickback Statute

29.     The federal Anti-Kickback Statute, Title 42, United States Code, Section 1320a-7b(b), prohibited knowingly and willfully offering, paying, soliciting, or receiving a kickback, bribe or remuneration to induce or in exchange for, among other things, referrals or the arranging for the referrals of items or services paid in part under a Federal healthcare program.   The federal Anti-Kickback Statutes criminalized conduct on both sides of the impermissible "kickback" transaction.   In doing so, it protected Federal healthcare programs from increased costs and abusive practices resulting from provider decisions based on self-interest rather than quality of care or necessity of services.

## Compounded Drugs

30.     Both FECA and TRICARE paid under certain conditions prescriptions for compounded drugs on behalf of claimants and beneficiaries, respectively.

31.     In general, compounding was a practice in which a licensed pharmacist, among others, combined, mixed, or altered ingredients of a drug or multiple drugs to create a drug tailored to meet the medical needs of an individual patient.

32.     Compounded drugs were not approved by the United States Food and Drug Administration ("FDA"). In other words, the FDA did not verify the safety, potency, effectiveness, or manufacturing quality of compounded drugs. The Texas State Board of Pharmacy regulated the practice of compounding in the States of Texas.

33.     Compounded drugs may be prescribed by a physician when a commercially available or FDA-approved drug does not meet the health needs of a particular patient. A patient may, for example, have a specific condition that would be generally treated by an FDA-approved drug but such a drug may not be appropriate for the patient because he or she may be allergic to a specific ingredient, such as a dye or preservative, in that drug. In that scenario, the patient may be prescribed a compounded drug that excludes whatever ingredient or aspect that prevents that patient from otherwise using the FDA-approved drug. A patient may also, for example, be unable to take an FDA-approved drug for a medical condition because he or she cannot consume such drugs by traditional means, such as swallowing. In that scenario, the patient may be prescribed a compounded drug that allows the patient to take a medicine in another form, such as liquid or powder, so that he or she may consume it.

34.     FECA would not pay claims submitted by a pharmacy for prescriptions for compounded drugs that FECA knew, among other things, (1) were not medically necessary for the treatment of the claimant's specific medical needs or (2) were the result of a violation of the federal Anti-Kickback Statute.

35.     TRICARE would not pay claims submitted by a pharmacy for prescriptions for compounded drugs that TRICARE knew, among other things, (1) were not medically necessary for the treatment of the beneficiary's specific medical needs or (2) were the result of a violation of the federal Anti-Kickback Statute.

36.     Compounding Solutions was enrolled as a pharmacist provider with ACS and Express Scripts and billed, and was paid by, both FECA and TRICARE for purported prescription claims. The Federal healthcare programs paid Compounding Solutions' claims via wire communication, electronic fund transfers, and checks that crossed state lines to a bank account of Eudora, which was controlled by **KENNY OZOUDE**.

37.     ACP was enrolled as a pharmacist provider with ACS and billed, and was paid by, FECA for purported prescription claims. FECA paid ACP's claims via wire communication and electronic fund transfers that crossed state lines to a bank account of ACP, which was controlled by **JOHN CRUISE**.

## COUNT 1
### Conspiracy to Defraud the United States and
### Pay and Receive Kickbacks, Bribes, and Unlawful Remuneration
### in Connection with a Federal Health Care Program
### (18 U.S.C. § 371)

38.     Paragraphs 1 through 37 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

39.     From in or around 2014 to in or around 2018, in the Southern District of Texas, and elsewhere, defendants

**JOHN CRUISE,**
**LASHONIA JOHNSON,**
**KENNY OZOUDE,**
**JAY BENDER, M.D.,**
**JAMES DON JACKSON, M.D.,**
**NIRVANA HIGHTOWER,**
**KEITH HUDSON,**
**DONATHAN KEMP,** and
**AUDRA JONES**

did willfully, that is with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury:

a)  to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the Department of Labor Office of Workers Compensation Program in its administration and oversight of the FECA program, in violation of Title 18, United States Code, Section 371, and to commit certain offenses against the United States, that is:

b)  to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) and (B) by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person:

(i) to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, FECA; and (ii) to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, FECA; and

c) to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) and (B) by knowingly and willfully soliciting and receiving remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind in return for: (i) referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, FECA; and (ii) purchasing, leasing, ordering, and arranging for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, FECA.

## Purpose of the Conspiracy

40.     It was a purpose of the conspiracy for **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, KEITH HUDSON, DONATHAN KEMP, AUDRA JONES,** and co-conspirators known and unknown to the Grand Jury to unlawfully enrich and benefit themselves through the submission to DOL-OWCP of false and fraudulent prescription claims for compounded drugs and other medications.

**Manner and Means of the Conspiracy**

From in or around 2014 to in or around 2018, the manner and means by which defendants and co-conspirators known and unknown to the Grand Jury sought to accomplish the purpose of the conspiracy included, among other things:

41.     **JOHN CRUISE, LASHONIA JOHNSON**, and **DONATHAN KEMP** recruited, and caused others to recruit, injured federal workers or claimants to sign up for purported services with IFWAA. **JOHN CRUISE, LASHONIA JOHNSON**, and **DONATHAN KEMP** instructed, and caused others to instruct, claimants that IFWAA would provide "free" assistance relating to the claimant's injury claim for workers' compensation. IFWAA did not charge claimants for its purported services. Nonetheless, defendants knew and intended that IFWAA claimants would, and indeed did, serve as a means to submit false and fraudulent claims to DOL-OWCP for prescriptions for compounded drugs.

42.     **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE**, and **AUDRA JONES** created and caused to be created prescriptions for compounded drugs. These prescriptions, as defendants knew and intended, contained ingredients or specific formularies selected based on the reimbursement payment from DOL-OWCP, not the individual medical need of a claimant.

43.     **KENNY OZOUDE, AUDRA JONES, JOHN CRUISE, LASHONIA JOHNSON**, and **DONATHAN KEMP** sent among themselves, and others, prescriptions for compounded drugs to be prescribed to IFWAA claimants, regardless of medical condition.

44.     **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE**, and **DONATHAN KEMP** funneled IFWAA claimants to physicians, including **JAY BENDER, M.D., JAMES DON JACKSON, M.D.**, and Physician-A, for medical treatment relating to

11

claimed injuries. **JAY BENDER, M.D.** saw patients referred to him by IFWAA at Bender Orthopaedics. **JAMES DON JACKSON, M.D.** saw patients referred to him by IFWAA at Top Doctor.

45. **KENNY OZOUDE, AUDRA JONES, JOHN CRUISE, LASHONIA JOHNSON,** and **DONATHAN KEMP** instructed, and caused others to instruct, **JAY BENDER, M.D.** and **JAMES DON JACKSON, M.D.** which compounded drugs to prescribe to IFWAA claimants. **KENNY OZOUDE, LASHONIA JOHNSON,** and **DONATHAN KEMP** pressured, directly and through IFWAA employees, **JAY BENDER, M.D.** and **JAMES DON JACKSON, M.D.** to prescribe compounded drugs to IFWAA claimants, regardless of medical condition.

46. To induce **JAY BENDER, M.D.** to prescribe compounded drugs to IFWAA claimants, **JOHN CRUISE, LASHONIA JOHNSON,** and **DONATHAN KEMP** (1) paid, and caused to be paid, the monthly rent at Bender Orthopaedics; (2) paid the salaries of staff at Bender Orthopaedics; (3) referred IFWAA claimants to **JAY BENDER, M.D.** for whom **JAY BENDER, M.D.** was paid by DOL-OWCP for medical services on behalf of claimants; and (4) provided **JAY BENDER, M.D.** a "loan" of approximately $39,000. **JAY BENDER, M.D.** received unlawful bribes and remuneration in return for prescribing compounded drugs to IFWAA claimants.

47. To induce **JAMES DON JACKSON, M.D.** to prescribe compounded drugs to IFWAA claimants, **KENNY OZOUDE, JOHN CRUISE,** and **LASHONIA JOHNSON** (1) paid, and caused to be paid, **JAMES DON JACKSON, M.D.** monthly checks of varying amounts; and (2) referred IFWAA claimants to **JAMES DON JACKSON, M.D.** for whom **JAMES DON JACKSON, M.D.** was paid by DOL-OWCP for medical services on behalf of claimants. **JAMES DON JACKSON, M.D.** received unlawful bribes and remuneration in return for prescribing compounded drugs to IFWAA claimants.

48.     **JOHN CRUISE, LASHONIA JOHNSON,** and **DONATHAN KEMP** sent, and caused to be sent, to Compounding Solutions false and fraudulent prescriptions for compounded drugs, prescribed by **JAY BENDER, M.D., JAMES DON JACKSON, M.D.**, and Physician-A and purportedly on behalf of IFWAA claimants.

49.     **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, NIRVANA HIGHTOWER, DONATHAN KEMP,** and **AUDRA JONES** caused to be filled at Compounding Solutions false and fraudulent prescriptions for compounded drugs purportedly on behalf of IFWAA claimants, even though these prescriptions were not legitimately prescribed and were induced by the payment and receipt of unlawful kickbacks and bribes. DOL-OWCP paid Compounding Solutions, through Eudora, at least $4.4 million for prescriptions for compounded drugs prescribed by Physician-A, at least $6 million for prescriptions for compounded drugs prescribed by **JAY BENDER, M.D.**, and at least $1.6 million for prescriptions for compounded drugs prescribed by **JAMES DON JACKSON, M.D.**

50.     To induce **JOHN CRUISE** and **LASHONIA JOHNSON** to send IFWAA claimants' prescriptions for compounded drugs to be filled at Compounding Solutions, **KENNY OZOUDE** paid **JOHN CRUISE** and **LASHONIA JOHNSON** at least $4 million in kickbacks and bribes. **JOHN CRUISE** and **LASHONIA JOHNSON** received these kickbacks and bribes from **KENNY OZOUDE** through Turnbull Media LLC, a holding company of **JOHN CRUISE**.

51.     **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, DONATHAN KEMP,** and **AUDRA JONES** sent, and caused to be sent, to ACP false and fraudulent prescriptions for compounded drugs, prescribed by **JAY BENDER, M.D.** and Physician-A and purportedly on behalf of IFWAA claimants.

52.     **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, KEITH HUDSON, DONATHAN KEMP,** and **AUDRA JONES** caused to be filled at ACP false and fraudulent prescriptions for compounded drugs purportedly on behalf of IFWAA claimants, even though these prescriptions were not legitimately prescribed and were induced by the payment and receipt of unlawful kickbacks and bribes. DOL-OWCP paid ACP at least $2.3 million for compounded drugs prescribed by Physician-A and at least $18 million for compounded drugs prescribed by **JAY BENDER, M.D.**

53.     From in or around September 2014 to in or around June 2017, Compounding Solutions billed DOL-OWCP approximately $50.3 million in prescriptions for compounded drugs. DOL-OWCP paid Compounding Solutions approximately $19 million on these claims.

54.     From in or around October 2015 to in or around January 2018, ACP billed DOL-OWCP approximately $75.6 million for compounded drugs. DOL-OWCP paid ACP approximately $21.6 million on these claims.

### Overt Acts

55.     In furtherance of the conspiracy, and to accomplish its objects and purpose, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, KEITH HUDSON, DONATHAN KEMP,** and **AUDRA JONES** committed and caused to be committed in the Southern District of Texas, and elsewhere, the following overt acts, among others:

a. On or about April 23, 2015, **JOHN CRUISE, LASHONIA JOHNSON,** and **KENNY OZOUDE** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $373,811.79 by DOL-OWCP to Eudora.

b. On or about April 23, 2015, **JOHN CRUISE, LASHONIA JOHNSON,** and **KENNY OZOUDE** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $21,229.57 by DOL-OWCP to Eudora.

c. On or about May 1, 2015, **KENNY OZOUDE** paid approximately $118,273.72 to **JOHN CRUISE** through Turnbull Media LLC.

d. On or about October 1, 2015, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP,** and **AUDRA JONES** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $320,970.68 by DOL-OWCP to Eudora.

e. On or about October 1, 2015, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP,** and **AUDRA JONES** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $272,683.19 by DOL-OWCP to Eudora.

f. On or about October 2, 2015, **KENNY OZOUDE** caused to be transmitted by means of wire communication in interstate commerce approximately $287,020.00 to **JOHN CRUISE** and **LASHONIA JOHNSON** through Turnbull Media LLC.

g. On or about October 8, 2015, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP,** and **AUDRA JONES** caused to be transmitted by means

of wire communication in interstate commerce the approximate payment of $795,388.59 by DOL-OWCP to Eudora

h. On or about October 9, 2015, **KENNY OZOUDE** caused to be transmitted by means of wire communication in interstate commerce approximately $712,672.63 to **JOHN CRUISE** through Turnbull Media LLC.

i. On or about November 5, 2015, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER,** and **DONATHAN KEMP** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $1,370,186.20 by DOL-OWCP to Eudora.

j. On or about November 6, 2015, **KENNY OZOUDE** caused to be transmitted by means of wire communication in interstate commerce approximately $657,696.14 to **JOHN CRUISE** through Turnbull Media LLC.

k. On or about December 24, 2015, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP,** and **AUDRA JONES** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $280,957.92 by DOL-OWCP to Eudora.

l. On or about December 28, 2015, **KENNY OZOUDE** caused to be transmitted by means of wire communication in interstate commerce approximately $119,407.11 to **JOHN CRUISE** through Turnbull Media LLC.

m. On or about June 16, 2016, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER,** and

**AUDRA JONES** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $391,771.14 by DOL-OWCP to Eudora.

n. On or about June 30, 2016, **JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D., KEITH HUDSON**, and **DONATHAN KEMP** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $1,568,722.76 by DOL-OWCP to ACP.

o. On or about September 1, 2016, **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER**, and **AUDRA JONES** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $1,341,958.37 by DOL-OWCP to Eudora.

p. On or about October 5, 2017, **JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D.**, and **DONATHAN KEMP** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $61,319.41 by DOL-OWCP to ACP.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Commit Healthcare Fraud and Wire Fraud
### (18 U.S.C. § 1349)

56.    Paragraphs 1 to 37 and 41 to 55 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

57.    From in or around 2014 to in or around 2018, in the Southern District of Texas, and elsewhere, defendants

**JOHN CRUISE,
LASHONIA JOHNSON,
KENNY OZOUDE,
JAY BENDER, M.D.,
JAMES DON JACKSON, M.D.,
NIRVANA HIGHTOWER,
KEITH HUDSON,
DONATHAN KEMP, and
AUDRA JONES**

did knowingly and willfully that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States, namely:

a)    to knowingly and willfully execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, FECA, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for healthcare benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

b)    to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and

fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

58.     It was a purpose of the conspiracy for **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, KEITH HUDSON, DONATHAN KEMP, AUDRA JONES**, and co-conspirators known and unknown to the Grand Jury to unlawfully enrich and benefit themselves through the submission to DOL-OWCP of false and fraudulent prescription claims for compounded drugs and other medications.

## Manner and Means of the Conspiracy

59.     Paragraphs 1 to 37 and 41 to 55 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 3-8
### Healthcare Fraud
### (18 U.S.C. §§ 1347, 2)

60.     Paragraphs 1 through 37 and 41 through 55 are re-alleged and incorporated by reference as if fully set forth herein.

61.     On or about the date specified below, in the Houston Division of the Southern District of Texas, and elsewhere, defendants, in connection with the delivery of and payment for healthcare benefits, items, and services, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, FECA, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of FECA, as set forth below:

| Count | Defendants | On or About Date | Pharmacy | Claimant | Ingredient | Approx. Payment |
|---|---|---|---|---|---|---|
| 3 | JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, AUDRA JONES | Aug. 5, 2016 | Compounding Solutions | M.B. | Resveratrol | $22,881.91 |
| 4 | JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, AUDRA JONES | Aug. 5, 2016 | Compounding Solutions | E.T. | Resveratrol | $22,881.91 |
| 5 | JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, AUDRA JONES | Aug. 17, 2016 | Compounding Solutions | Y.D. | Resveratrol | $22,881.91 |
| 6 | JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D., KEITH HUDSON, DONATHAN KEMP | Feb. 19, 2016 | ACP | K.L. | Resveratrol | $32,033.06 |
| 7 | JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D., KEITH HUDSON, DONATHAN KEMP | June 20, 2016 | ACP | D.A. | Resveratrol | $29,402.94 |
| 8 | JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D., KEITH HUDSON, DONATHAN KEMP | Sept. 28, 2017 | ACP | W.A. | Fluocinonide 0.1% cream | $3,691.69 |

All in violation of Title 18, United States Code, Sections 1347 & 2.

**Wire Fraud**
**(18 U.S.C. §§ 1343, 2)**

62.     Paragraphs 1 to 37 and 41 to 55 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

63.     From in or around 2014 to in or around 2018, in the Southern District of Texas, and elsewhere, defendants

**JOHN CRUISE,**
**LASHONIA JOHNSON,**
**KENNY OZOUDE,**
**JAY BENDER, M.D.,**
**NIRVANA HIGHTOWER,**
**KEITH HUDSON,**
**DONATHAN KEMP**, and
**AUDRA JONES**

knowingly, willfully, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds for the purpose of executing such a scheme and artifice, in violation of 18 U.S.C. § 1343.

### Purpose of the Scheme and Artifice

64.     It was a purpose of the scheme for **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, KEITH HUDSON, DONATHAN KEMP, AUDRA JONES,** and others known and unknown to the Grand Jury to unlawfully enrich and benefit themselves through the submission to DOL-OWCP of false and fraudulent prescription claims for compounded drugs and other medications.

## The Scheme and Artifice

65.     Paragraphs 1 to 37 and 41 to 55 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

## Use of Wires

66.     Paragraphs 1 to 37 and 41 to 55 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

67.     On or about the dates specified in each count below, in the Southern District of Texas, and elsewhere, defendants did knowingly, willfully, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, as set forth below:

| Count | Defendants | On or About Date | Description of Interstate Wire Communication |
|---|---|---|---|
| 9 | **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP, AUDRA JONES** | Oct. 8, 2015 | Electronic funds transfer from DOL Treasury in the amount of approximately $795,388.59 into Eudora Healthcare Consulting LLC Acct. No. x-2148 at Bank of America in the name of **KENNY OZOUDE** |
| 10 | **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP** | Nov. 5, 2015 | Electronic funds transfer from DOL Treasury in the amount of approximately $1,370,186.20 into Eudora Healthcare Consulting LLC Acct. No. x-2148 at Bank of America in the name of **KENNY OZOUDE** |
| 11 | **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., NIRVANA HIGHTOWER, DONATHAN KEMP, AUDRA JONES** | Dec. 24, 2015 | Electronic funds transfer from DOL Treasury in the amount of approximately $280,957.92 into Eudora Healthcare Consulting LLC Acct. No. x-2148 at Bank of America in the name of **KENNY OZOUDE** |
| 12 | **JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D., KEITH HUDSON, DONATHAN KEMP** | June 30, 2016 | Electronic funds transfer from DOL Treasury in the amount of approximately $1,568,722.76 from Acct. No. x-0175 at Wells Fargo in the name of **JOHN CRUISE** |
| 13 | **JOHN CRUISE, LASHONIA JOHNSON, JAY BENDER, M.D., KEITH HUDSON, DONATHAN KEMP** | Oct. 5, 2017 | Electronic funds transfer from DOL Treasury in the amount of approximately $61,319.41 from Acct. No. x-0175 at Wells Fargo in the name of **JOHN CRUISE** |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 14
### Conspiracy to Defraud the United States and
### Pay and Receive Kickbacks, Bribes, and Unlawful Remuneration
### in Connection with a Federal Health Care Program
### (18 U.S.C. § 371)

68.     Paragraphs 1 through 37 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

69.     From in or around March 2016 to in or around April 2017, in the Southern District of Texas, and elsewhere, defendants

### KENNY OZOUDE,
### DEEPAK CHAVDA, M.D.,
### NARESH JIVANJI, and
### AUDRA JONES

did willfully, that is with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury:

a)  to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the Department of Labor Office of Workers Compensation Program in its administration and oversight of the FECA program, in violation of Title 18, United States Code, Section 371, and to commit certain offenses against the United States, that is:

b)  to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) and (B) by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person: (i) to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, FECA; and (ii) to purchase, lease, order, and arrange for and

recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, FECA; and

c)  to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) and (B) by knowingly and willfully soliciting and receiving remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind in return for: (i) referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, FECA; and (ii) purchasing, leasing, ordering, and arranging for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, FECA.

### Purpose of the Conspiracy

70.     It was a purpose of the conspiracy for **KENNY OZOUDE, DEEPAK CHAVDA, M.D., NARESH JIVANJI, AUDRA JONES,** and co-conspirators known and unknown to the Grand Jury to unlawfully enrich and benefit themselves through the submission to DOL-OWCP of false and fraudulent prescription claims for compounded drugs.

### Manner and Means of the Conspiracy

From in or around March 2016 to in or around April 2017, the manner and means by which defendants and co-conspirators known and unknown to the Grand Jury sought to accomplish the purpose of the conspiracy included, among other things:

71.     **KENNY OZOUDE** and **AUDRA JONES** created and caused to be created prescriptions for compounded drugs.  These prescriptions, as defendants knew and intended,

contained ingredients or specific formularies selected based on the reimbursement payment from DOL-OWCP, not the individual medical need of a claimant.

72.     **KENNY OZOUDE** and **AUDRA JONES** instructed **DEEPAK CHAVDA, M.D.** which compounded drugs to prescribe to claimants.

73.     **KENNY OZOUDE** and **AUDRA JONES** instructed employees at Texas Bone & Joint that all claimants who were patients of **DEEPAK CHAVDA, M.D.** should be prescribed by **DEEPAK CHAVDA, M.D.** compounded drugs, regardless of medical condition.

74.     To induce **DEEPAK CHAVDA, M.D.** to prescribe to claimants compounded drugs that were filled at Compounding Solutions, **KENNY OZOUDE** and **AUDRA JONES** paid, and caused to be paid, kickbacks and bribes to **NARESH JIVANJI** and **DEEPAK CHAVDA, M.D.**

75.     **KENNY OZOUDE** and **AUDRA JONES** paid, and caused to be paid, kickbacks and bribes to **NARESH JIVANJI** and **DEEPAK CHAVDA, M.D.** to induce **DEEPAK CHAVDA, M.D.** to prescribe compounded drugs for claimants to be filled at Compounding Solutions.  To disguise the payment of kickbacks and bribes, **NARESH JIVANJI** purported to serve as a "marketer" for Compounding Solutions.  **KENNY OZOUDE** and **AUDRA JONES** paid, and caused to be paid, to **NARESH JIVANJI** kickbacks and bribes based on a percentage of the payments from DOL-OWCP for prescription claims for compounded drugs prescribed by **DEEPAK CHAVDA, M.D.** and filled at Compounding Solutions.

76.     DOL-OWCP paid Compounding Solutions, through Eudora, at least $5.8 million for prescriptions for compounded drugs prescribed by **DEEPAK CHAVDA, M.D.**

77.     **NARESH JIVANJI** received at least $3.2 million in kickbacks and bribes in return for prescriptions for compounded drugs prescribed by **DEEPAK CHAVDA, M.D.** and filled at Compounding Solutions.

78.     **NARESH JIVANJI** transferred to **DEEPAK CHAVDA, M.D.** at least $1.1 million in kickbacks, bribes, and unlawful remuneration.  **DEEPAK CHAVDA, M.D.** received the kickbacks, bribes, and unlawful remuneration in return for prescribing compounded drugs that were filled at Compounding Solutions.

79.     **KENNY OZOUDE, DEEPAK CHAVDA, M.D., NARESH JIVANJI**, and **AUDRA JONES** caused to be filled at Compounding Solutions false and fraudulent prescriptions for compounded drugs, where the prescriptions were not legitimately prescribed and were induced by the payment and receipt of kickbacks, bribes, and unlawful remuneration.

80.     From in or around April 2016 to in or around April 2017, Compounding Solutions billed DOL-OWCP approximately $17 million in prescriptions for compounded drugs prescribed by **DEEPAK CHAVDA, M.D.**  Compounding Solutions received approximately $5.8 million on these claims.

### Overt Acts

81.     In furtherance of the conspiracy, and to accomplish its objects and purpose, **KENNY OZOUDE, DEEPAK CHAVDA, M.D.**, and **NARESH JIVANJI** committed and caused to be committed in the Southern District of Texas, and elsewhere, the following overt acts, among others:

> a. On or about April 14, 2016, **KENNY OZOUDE, DEEPAK CHAVDA,** and **NARESH JIVANJI** caused to be transmitted by means of wire communication in

interstate commerce the approximate payment of $149,620.26 by DOL-OWCP to Eudora.

b. On or about April 21, 2016, **KENNY OZOUDE, DEEPAK CHAVDA,** and **NARESH JIVANJI** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $159,237.76 by DOL-OWCP to Eudora.

c. On or about April 28, 2016, **KENNY OZOUDE, DEEPAK CHAVDA,** and **NARESH JIVANJI** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $50,036.63 by DOL-OWCP to Eudora.

d. On or about May 5, 2016, **KENNY OZOUDE, DEEPAK CHAVDA,** and **NARESH JIVANJI** caused to be transmitted by means of wire communication in interstate commerce the approximate payment of $256,756.41 by DOL-OWCP to Eudora.

e. On or about May 10, 2016, **KENNY OZOUDE** wired, and caused to be wired, approximately $336,662.19 to **NARESH JIVANJI** through Medcare.

f. On or about May 15, 2016, **NARESH JINVANJI** paid **DEEPAK CHAVDA, M.D.** the approximate amount of $300,000 through Texas Bone and Joint Center.

g. On or about June 8, 2016, **KENNY OZOUDE** wired, and caused to be wired, approximately $549,282.15 to **NARESH JIVANJI** through Medcare.

h. On or about June 23, 2016, **KENNY OZOUDE, DEEPAK CHAVDA, M.D.,** and **NARESH JIVANJI** caused to be transmitted by means of wire communication in

interstate commerce the approximate payment $352,395.45 by DOL-OWCP to Eudora.

    i.    On or about July 5, 2016, **NARESH JIVANJI** paid **DEEPAK CHAVDA, M.D.** the approximate amount of $300,000 through Texas Bone and Joint Center.

    j.    On or about July 6, 2016, **KENNY OZOUDE** wired, and caused to be wired, approximately $601,906.68 to **NARESH JIVANJI** through Medcare.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 15-16

**Payment of Kickbacks and Bribes**
**in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(2) & 18 U.S.C. § 2)**

82.    Paragraphs 1 to 37 and 71 to 81 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

83.    On or about the dates enumerated below, in the Southern District of Texas, and elsewhere, defendant

### KENNY OZOUDE

did knowingly and willfully offer and pay remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, as set forth below, to a person to induce such a person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, FECA; and to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, FECA, as set forth below:

| Count | Approximate Date | Amount | Description |
|---|---|---|---|
| 15 | May 10, 2016 | $336,662.19 | Wire from Eudora Healthcare Consulting LLC Acct. No. x-2148 in the name of **KENNY OZOUDE** to Medcare Acct. No. x-9102 in name of **NARESH JIVANJI** |
| 16 | July 6, 2016 | $601,906.68 | Wire from Eudora Healthcare Consulting LLC Acct. No. x-2148 in the name of **KENNY OZOUDE** to Medcare Acct. No. x-9102 in the name of **NARESH JIVANJI** |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), (b)(2)(B) and Title 18, United States Code, Section 2.

<u>**COUNTS 17-18**</u>
**Receipt of Kickbacks and Bribes**
**in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(1) & 18 U.S.C. § 2)**

84.     Paragraphs 1 to 37 and 71 to 81 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

85.     On or about the dates enumerated below, in the Southern District of Texas, and elsewhere, defendant

**NARESH JIVANJI**

did knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, as set forth below, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, FECA; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering any good, facility, service, and

item for which payment may be made in whole and in part under a Federal health care program, that is, FECA, as set forth below:

| Count | Approximate Date | Amount | Description |
|-------|------------------|--------|-------------|
| 17 | May 10, 2016 | $336,662.19 | Wire to Medcare Acct. No. x-9102 in the name of **NARESH JIVANJI** from Eudora Healthcare Consulting LLC Acct. No. x-2148 in the name of **KENNY OZOUDE** |
| 18 | July 6, 2016 | $601,906.68 | Wire to Medcare Acct. No. x-9102 in the name of **NARESH JIVANJI** from Eudora Healthcare Consulting LLC Acct. No. x-2148 in the name of **KENNY OZOUDE** |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), (b)(1)(B) and Title 18, United States Code, Section 2.

**COUNTS 19-20**
**Receipt of Kickbacks and Bribes**
**in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(1) & 18 U.S.C. § 2)**

86.     Paragraphs 1 to 37 and 71 to 81 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

87.     On or about the dates enumerated below, in the Southern District of Texas, and elsewhere, defendant

**DEEPAK CHAVDA, M.D.**

did knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, as set forth below, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, FECA; and in return for purchasing, leasing, ordering, and

arranging for and recommending purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, FECA, as set forth below:

| Count | Approximate Date | Amount | Description |
|-------|------------------|--------|-------------|
| 19 | May 15, 2016 | $300,000.00 | Check No. 1424 to Texas Bone and Joint Center Account No. x-7074 in the name of **DEEPAK CHAVDA, M.D.** from Acct. No. x6056 in the name of **NARESH JIVANJI** |
| 20 | July 5, 2016 | $300,000.00 | Check No. 104 to Texas Bone and Joint Center Account No. x-7074 in the name of **DEEPAK CHAVDA, M.D.** from Acct. No. x6056 in the name of **NARESH JIVANJI** |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), (b)(1)(B) and Title 18, United States Code, Section 2.

<u>**COUNT 21**</u>
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

88.     Paragraphs 1 to 37 and 71 to 81 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

89.     From in or around March 2016 to in or around January 2017, in the Southern District of Texas, and elsewhere, defendants

**KENNY OZOUDE,**
**DEEPAK CHAVDA, M.D., and**
**NARESH JIVANJI**

did knowingly and willfully that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States, namely, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property

33

by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

90. It was a purpose of the conspiracy for **KENNY OZOUDE, DEEPAK CHAVDA, M.D., NARESH JIVANJI**, and co-conspirators known and unknown to the Grand Jury to unlawfully enrich and benefit themselves through the submission to DOL-OWCP of false and fraudulent prescription claims for compounded drugs and other medications.

## Manner and Means of the Conspiracy

91. Paragraphs 1 to 37 and 71 to 81 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 22

### Conspiracy to Defraud the United States and
### Pay and Receive Kickbacks, Bribes, and Unlawful Remuneration
### in Connection with a Federal Health Care Program
### (18 U.S.C. § 371)

92.     Paragraphs 1 through 37 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

93.     From in or around March 2015 to in or around December 2016, in the Southern District of Texas, and elsewhere, defendants

**KENNY OZOUDE,
NIRVANA HIGHTOWER,
AUDRA JONES,
TERRANCE AICE, and
SHEROD JOHNSON**

did willfully, that is with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury:

a) to defraud the United States by impairing, impeding, obstructing, and defeating, through deceitful and dishonest means, the lawful government functions of the Defense Health Agency in its administration and oversight of the TRICARE program, in violation of Title 18, United States Code, Section 371, and to commit certain offenses against the United States, that is:

b) to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) and (B) by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person:

(i) to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal

health care program, that is, TRICARE; and (ii) to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and

c) to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) and (B) by knowingly and willfully soliciting and receiving remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind in return for: (i) referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, TRICARE; and (ii) purchasing, leasing, ordering, and arranging for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE.

### Purpose of the Conspiracy

94.    It was a purpose of the conspiracy for **KENNY OZOUDE**, **NIRVANA HIGHTOWER**, **AUDRA JONES**, **TERRANCE AICE**, **SHEROD JOHNSON**, and co-conspirators known and unknown to the Grand Jury to unlawfully enrich and benefit themselves through the submission to TRICARE of false and fraudulent prescription claims for compounded drugs and other medications.

### Manner and Means of the Conspiracy

From in or around March 2015 to in or around December 2016, the manner and means by which defendants and co-conspirators known and unknown to the Grand Jury sought to accomplish the purpose of the conspiracy included, among other things:

95.     **KENNY OZOUDE** and **AUDRA JONES** created, and caused to be created, prescriptions for compounded drugs.  These prescriptions, as defendants knew and intended, contained ingredients or specific formularies selected based on the reimbursement payment from TRICARE, not the medical condition of a claimant.

96.     **KENNY OZOUDE** and **AUDRA JONES** sent, and caused to be sent, to **TERRANCE AICE** and **SHEROD JOHSON** prescriptions for compounded drugs to be prescribed to TRICARE beneficiaries, regardless of the beneficiaries' medical condition and medical need for such drugs.

97.     **TERRANCE AICE** and **SHEROD JOHNSON** served as marketers or "reps" for Compounding Solutions.  **TERRANCE AICE** and **SHEROD JOHNSON** recruited, and caused to be recruited, TRICARE beneficiaries on whose behalf defendants falsely and fraudulently billed to, and were paid by, TRICARE for prescriptions for compounded drugs.

98.     To induce **TERRANCE AICE** and **SHEROD JOHNSON** to send beneficiaries' prescriptions for compounded drugs to Compounding Solutions, **KENNY OZOUDE, NIRVANA HIGHTOWER**, and **AUDRA JONES** paid, and caused to be paid, **TERRANCE AICE** and **SHEROD JOHNSON** over $700,000 in kickbacks and bribes.  **TERRANCE AICE** and **SHEROD JOHNSON** received these kickbacks and bribes in return for sending, and causing to be sent, false and fraudulent prescriptions for compounded drugs that were filled at Compounding Solutions.

99.     The kickbacks and bribes received by **TERRANCE AICE** and **SHEROD JOHNSON** were based on a percentage of the amount TRICARE paid to Compounding Solutions for prescriptions for compounded drugs referred from **TERRANCE AICE** and **SHEROD JOHNSON**.

100.     **TERRANCE AICE** and **SHEROD JOHNSON** referred, and caused to be referred, to Compounding Solutions prescriptions for compounded drugs prescribed by Nurse Practitioner-A. Nurse Practitioner-A prescribed compounded drugs to TRICARE beneficiaries, as defendants knew, without seeing the TRICARE beneficiaries and having a legitimate practitioner-patient relationship with the TRICARE beneficiaries.

101.     **KENNY OZOUDE, AUDRA JONES, NIRVANA HIGHTOWER, TERRANCE AICE**, and **SHEROD JOHNSON** caused to be filled at Compounding Solutions false and fraudulent prescriptions for compounded drugs purportedly on behalf of TRICARE beneficiaries, even though these prescriptions were not legitimately prescribed and were induced by the payment of unlawful kickbacks and bribes.

102.     From in or around April 2015 to in or around December 2016, Compounding Solutions billed TRICARE approximately $2.1 million in prescriptions for compounded drugs. Compounding Solutions received approximately $1.7 million on these claims.

### Overt Acts

103.     In furtherance of the conspiracy, and to accomplish its objects and purpose, **KENNY OZOUDE, NIRVANA HIGHTOWER, AUDRA JONES, TERRANCE AICE,** and **SHEROD JOHNSON** committed and caused to be committed in the Southern District of Texas, and elsewhere, the following overt acts, among others:

   a. On or about March 27, 2015, **SHEROD JOHNSON** emailed **KENNY OZOUDE** and explained "how the payout should look each month" based on the total reimbursements to be divided "50%" to **KENNY OZOUDE** and 50% "to Aice and I."

38

b. On or about April 2, 2015, **KENNY OZOUDE** paid $100,000 to **TERRANCE AICE**.

c. On or about April 2, 2015, **TERRANCE AICE** paid **SHEROD JOHNSON** approximately $50,000.

d. On or about April 7, 2015, **KENNY OZOUDE** emailed to **NIRVANA HIGHTOWER** prescriptions for compounded drugs prescribed by Nurse Practitioner-A.

e. On or about April 16, 2015, **KENNY OZOUDE, NIRVANA HIGHTOWER, AUDRA JONES, TERRANCE AICE**, and **SHEROD JOHNSON** caused TRICARE to pay Compounding Solutions $364,862.79.

f. On or about April 23, 2015, **KENNY OZOUDE** paid $82,658.44 to **TERRANCE AICE** and **SHEROD JOHNSON**.

g. On or about April 23, 2015, **TERRANCE AICE** paid **SHEROD JOHNSON** approximately $47,000.

All in violation of Title 18, United States Code, Section 371.

## COUNT 23
## Conspiracy to Commit Healthcare Fraud
## (18 U.S.C. § 1349)

104. Paragraphs 1 to 37 and 95 to 103 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

105. From in or around March 2015 to in or around December 2016, in the Southern District of Texas, and elsewhere, defendants

**KENNY OZOUDE,**
**NIRVANA HIGHTOWER,**
**AUDRA JONES,**
**TERRANCE AICE, and**
**SHEROD JOHNSON**

did knowingly and willfully that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States, namely, to knowingly and willfully execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for healthcare benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

### Purpose of the Conspiracy

106. It was a purpose of the conspiracy for **KENNY OZOUDE, NIRVANA HIGHTOWER, AUDRA JONES, TERRANCE AICE, SHEROD JOHNSON**, and co-conspirators known and unknown to the Grand Jury to unlawfully enrich and benefit themselves

through the submission to TRICARE of false and fraudulent prescription claims for compounded drugs and other medications.

## Manner and Means of the Conspiracy

107.    Paragraphs 1 to 37 and 95 to 103 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 24

### Payment of Kickbacks and Bribes
### in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(2) & 18 U.S.C. § 2)

108.    Paragraphs 1 to 37 and 95 to 103 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

109.    On or about the dates enumerated below,, in the Southern District of Texas, and elsewhere, defendant

### KENNY OZOUDE

did knowingly and willfully offer and pay remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, as set forth below, to a person to induce such a person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE, as set forth below:

| Count | Approximate Date | Amount | Description |
|-------|------------------|--------|-------------|
| 24 | April 23, 2015 | $82,658.44 | Wire from Eudora Healthcare Consulting LLC Acct. No. x-2148 in the name of **KENNY OZOUDE** to Acct. No. x-1849 in the name of **TERRANCE AICE** |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), (b)(2)(B) and Title 18, United States Code, Section 2.

## COUNT 25
### Receipt of Kickbacks and Bribes
### in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(1) & 18 U.S.C. § 2)

110.    Paragraphs 1 to 37 and 95 to 103 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

111.    On or about the dates enumerated below, in the Southern District of Texas, and elsewhere, defendant

### TERRANCE AICE

did knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, as set forth below, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE, as set forth below:

| Count | Approximate Date | Amount | Description |
|-------|------------------|--------|-------------|
| 25 | April 23, 2015 | $82,658.44 | Wire to Acct. No. x-1849 in the name of **TERRANCE AICE** from Eudora Healthcare Consulting LLC Acct. No. x-2148 in the name of **KENNY OZOUDE** |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), (b)(1)(B) and Title 18, United States Code, Section 2.

**COUNT 26**
**Receipt of Kickbacks and Bribes**
**in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(1) & 18 U.S.C. § 2)**

112.    Paragraphs 1 to 37 and 95 to 103 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

113.    On or about the dates enumerated below, in the Southern District of Texas, and elsewhere, defendant

**SHEROD JOHNSON**

did knowingly and willfully solicit and receive remuneration, specifically kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, including by check, as set forth below, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE, as set forth below:

| Count | Approximate Date | Amount | Description |
|---|---|---|---|
| 26 | April 23, 2015 | $47,000 | Cashier's Check No. x-5450 deposited in Account No. x-9558 in the name of **SHEROD JOHNSON** from Acct. No. x-1849 in the name of **TERRANCE AICE** |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), (b)(1)(B) and Title 18, United States Code, Section 2.

### NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(7); 18 U.S.C. § 981(a)(1)(C))

114.    Pursuant to Title 18, United States Code, Section 982(a)(7), the United States of America gives notice to Defendants **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., DEEPAK CHAVDA, M.D., JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, KEITH HUDSON, DONATHAN KEMP, NARESH JIVANJI, AUDRA JONES, TERRANCE AICE,** and **SHEROD JOHNSON** that upon their conviction of any health care fraud and health care fraud conspiracy offenses charged in this Indictment, including kickback offenses, the United States intends to seek forfeiture of all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

115.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States of America gives notice to Defendants **JOHN CRUISE, LASHONIA JOHNSON, KENNY OZOUDE, JAY BENDER, M.D., DEEPAK CHAVDA, M.D., JAMES DON JACKSON, M.D., NIRVANA HIGHTOWER, KEITH HUDSON, DONATHAN KEMP, NARESH JIVANJI, AUDRA JONES, TERRANCE AICE,** and **SHEROD JOHNSON** that upon their conviction of any wire fraud and wire fraud conspiracy

offenses charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## Property Subject to Forfeiture

116.   Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

(a) at least $39.7 million in criminal proceeds; and

(b) $4,520,915.06 seized from a Bank of America account held in the name of Eudora Healthcare Consulting, LLC, with an account number ending in 2148.

## Money Judgment and Substitute Assets

117.   Defendants are notified that the United States will seek the imposition of a money judgment against each defendant.  In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of a defendant in substitution up to the amount of the money judgment.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON

RYAN PATRICK
UNITED STATES ATTORNEY

Scott Armstrong
TRIAL ATTORNEY
CRIMINAL DIVISION
FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

Catherine E. Wagner
TRIAL ATTORNEY
CRIMINAL DIVISION
FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE