United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-18-344-01 |
| | § | |
| JOHN CRUISE, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

On October 21, 2021, John Cruise appeared before the court and entered a plea of guilty to Count Two of the Indictment, which charged him with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349. (Sealed Plea Agreement, Docket Entry No. 452, p. 1 ¶ 1) Cruise retained and was represented by experienced and well respected defense counsel at his rearraignment. After an extended colloquy with the defendant, the court found that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact establishing each of the elements of the offense. The court therefore accepted his plea and adjudged him guilty of Count Two. (Transcript of Re-arraignment Proceedings ("Rearraignment Transcript"), Docket Entry No. 662, p. 28 lines 13-20)

Defendant's sentencing was continued several times so that he could continue to cooperate with the government. On December 27, 2022, the court entered an order resetting the defendant's

sentencing for March 2, 2023. (Order Resetting Sentencing, Docket Entry No. 579) On March 7, 2023, the United States and defendants Cruise, Kenny Ozoude, James Don Jackson, M.D., Nirvana Hightower, Keith Hudson, Audra Jones, Terrance Aice, and Sherod Johnson filed a Joint Motion to Continue Sentencings (Docket Entry No. 665); and the court granted the motion on March 7, 2023, resetting the sentencing to April 13, 2023 (Order Resetting Sentencing, Docket Entry No. 666).

Cruise filed a Motion to Substitute Counsel on November 10, 2022 (Docket Entry No. 560), which was granted on December 2, 2022 (Docket Entry No. 569). On February 2, 2023, a United States Probation Officer filed Cruise's initial Presentence Investigation Report ("PSR") (Docket Entry No. 587). On March 3, 2023, Cruise filed Defendant's Amended Objections to Presentence Investigation Report, which did not indicate any intention to withdraw his plea (Docket Entry No. 633). On March 6, 2023, a United States Probation Officer filed Cruise's final PSR (Docket Entry No. 659). On March 30, 2023, twenty-four days after the final PSR was issued and approximately two weeks before his sentencing hearing, Cruise filed the pending Motion to Withdraw Plea ("Cruise's Motion") (Docket Entry No. 682). The United States filed the Government's Opposition to Defendant John Cruise and Lashonia Johnson's Motions to Withdraw Pleas (Under Seal) ("Government's Response") on April 2, 2023 (Docket Entry No. 684).

Because the court has accepted Cruise's guilty plea, Cruise's Motion is governed by Federal Rule of Criminal Procedure 11(d)(2). Rule 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court accepts the plea if the defendant can show "a fair and just reason for requesting the withdrawal."

In determining whether the defendant has shown a fair and just reason for withdrawal, the court should consider the seven factors set out by the Fifth Circuit in <u>United States v. Carr,</u> 740 F.2d 339, 343-44 (5th Cir. 1984). The factors are: (1) whether the defendant has asserted his innocence, (2) whether allowing the defendant to withdraw his guilty plea would prejudice the government, (3) whether the defendant has delayed in filing the withdrawal motion, (4) whether withdrawal would substantially inconvenience the court, (5) whether adequate assistance of counsel was available, (6) whether the plea was knowing and voluntary, and (7) whether the withdrawal would waste judicial resources. <u>Carr,</u> 740 F.2d at 343-44. The court is not required to make findings as to each of the <u>Carr</u> factors, and no one factor, alone, is dispositive. <u>United States v. Lampazianie,</u> 251 F.3d 519, 524 (5th Cir. 2001) (citing <u>United States v. Badger,</u> 925 F.2d 101, 104 (5th Cir. 1991)). The court must make its determination based on the "totality of [the] circumstances." <u>Id.</u> (citing <u>Carr,</u> 740 F.2d at 344). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." <u>Badger,</u> 925 F.2d at 104.

At his rearraignment the court explained to Cruise that the court was required to ask him a number of questions. The court told Cruise that it was very important that he listen carefully and provide truthful and complete answers to all of the court's questions for several reasons. The court reminded Cruise that he was under oath and, therefore, that if he gave an untrue answer he could be charged with the separate crime of perjury. The court also explained to Cruise that his answers must be truthful and complete because the court was required to make a number of findings based on Cruise's answers before it could accept his guilty plea. The court informed Cruise that he should ask the court to repeat or explain anything that he did not understand and that he could confer with his attorney at any time without asking for permission from anyone. Cruise stated that he understood these instructions.

At his rearraignment Cruise testified that he had met with his attorney more than ten times, and that he had read the written Plea Agreement and discussed it with his attorney for two or three hours. The court carefully explained to Cruise that if his guilty plea was accepted, a probation officer would interview him, investigate the facts of the case, and prepare a presentence report. The court explained that Cruise and his attorney would have the opportunity to read the report and file objections to the report, and that the court would rule on any objections to the report before sentencing him. The court explained to Cruise that by pleading guilty he would forfeit his rights associated with a

trial, including his rights to see and hear the government's witnesses against him and to have his lawyer question them. Cruise stated under oath that he understood the court's explanations.

During his rearraignment the court directed Cruise's attention to the lengthy, three-page Factual Basis for Guilty Plea contained in his Plea Agreement. (Docket Entry No. 452, pp. 8-10 ¶ 16) The court asked Cruise: "Are all the facts stated there true?" Cruise answered, "They are, Your Honor." The court then asked Cruise, "Did you do everything described on those pages of the plea agreement?" Cruise replied, "I did, Your Honor." (Rearraignment Transcript, Docket Entry No. 662, p. 27 line 25 through p. 28 lines 1-4) "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977).

Cruise "asserts his 'actual innocence' to the allegations in Count 2 of the Indictment, and retracts the acknowledgment of and agreement to criminal responsibility for the facts as contained in the Factual Basis for Guilty Plea." (Cruise's Motion, Docket Entry No. 682, p. 4) At the April 5, 2023, hearing Cruise testified that he was not guilty of Count Two and that he did not testify truthfully at his rearraignment. He provided no credible support for his change of position, and his conclusory allegations were substantially undercut by the government's cross-examination. In light of the court's detailed admonitions to Cruise regarding the importance of answering truthfully and Cruise's admission under

-5-

oath in open court that all of the facts stated in the factual basis were true, the court is not persuaded by Cruise's self-serving, last-minute assertion that he is not guilty.

Cruise argues that his Motion is not unduly delayed and that allowing him to withdraw his plea will not unreasonably prejudice the government. The court disagrees. Cruise filed his Motion more than 17 months after he pleaded guilty, and approximately two weeks before his sentencing. By any standard this is an unreasonable delay. See Carr, 740 F.2d at 345 (describing as "not promptly filed" a motion to withdraw filed twenty-two days after the plea).

The court concludes that the government would be substantially prejudiced if the court allows Cruise to withdraw his plea. See Carr, 740 F.2d at 344 ("'The movant's reasons must meet exceptionally high standards where the delay between the plea and the withdrawal motion has substantially prejudiced the Government's ability to prosecute the case.'" (quoting United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975))). The record establishes that the government expended significant effort in preparing for trial before Cruise agreed to plead guilty. In its opposition the government states:

> The government has not been in contact with the majority of the witnesses required for trial in approximately a year and a half. It would need to locate these witnesses who are located in multiple states. Additionally, the government would expend resources re-retaining experts, flying in members of the prosecution team and witnesses for trial, and getting new members of the team up to speed on the case.

Government's Response, Docket Entry No. 684, pp. 10-11.

Allowing Cruise to withdraw his guilty plea would also greatly inconvenience the court and waste judicial resources. The court has heavy criminal and civil dockets, and has already devoted substantial time and resources to this case. The government estimates that a trial of Cruise would last approximately two weeks. The government also states:

> Additionally, the majority of Defendants' cooperating co-defendants are scheduled to be sentenced in ten days, and the government intends to file motions for downward departure under section 5K1.1 of the Federal Sentencing Guidelines this week. The government would have to seek a continuance of their sentencing should Defendants proceed to trial as the cooperating co-defendants' testimony would be required at trial. If cooperators are sentenced and begin to serve their sentences, the Marshals will need to expend significant resources transporting cooperators who will need to be housed separately.

Government's Response, Docket Entry No. 684, pp. 12-13. The court concludes that allowing Cruise to withdraw his plea would unnecessarily cause further delay, would require additional court proceedings, and would result in a waste of judicial resources.

Cruise has failed to show that any of the seven <u>Carr</u> factors weigh in his favor. Accordingly, the court concludes that the totality of the circumstances do not favor allowing Cruise to withdraw his guilty plea. Cruise's Motion to Withdraw Plea (Docket Entry No. 682) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 6th day of April, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE